Ms. Doneski, yes. Please proceed. Thank you. Good morning, Honorable Judges and Counsel. May it please the Court. This Court should reverse the Administrative Review Board's March 22nd, 2019 decision, reversing itself and finding Mr. Hennon's petition for review timely for two separate reasons. First, the ARB erred when it granted Mr. Hennon's reconsideration request. Mr. Hennon failed to meet any one of the four factors required for reconsideration. Second, even if reconsideration were proper, the ARB legally erred when it applied the three-day mailing rule under this Court's Federal Rule of Appellate Procedure 26C. The 14-day appeal period runs from the date of the decision, not the service date. Accordingly, the three-day mailing rule is inapplicable as a matter of law, as this Court and numerous other circuit courts have uniformly held. Put simply, this is a clear case of attorney error and there is no legal rule and no standard of equity that saves counsel's undisputed miscalculation of days when untimely filing the petition. So let me address each of those points more specifically, the first being on reconsideration. The When deciding whether to reconsider, the ARB determines if the movement, here Mr. Hennon, has met any one of the following factors. First, a material difference in fact or law that presented to a court which the moving party was unaware. Two, new material facts occurring after the Court's decision. Three, a change in the law after the Board's decision. Or four, failure to consider a material fact before the Board's decision. There is no dispute that factors two and three do not apply. Factor one does not apply because the unknown fact has to be unknown to the moving party. But here Mr. Hennon knew that he did not receive the DNO until January 22nd. In fact, he made passing reference to it in his original response. Factor one cannot apply, therefore, because Mr. Hennon was already aware of this fact. That leaves only factor four, and Mr. Hennon cannot establish this factor for two reasons. The first is because the sole and exclusive argument that he made to the Board originally was his erroneous methodology for calculating days. While he made passing reference to his receipt of the decision on January 22nd, he never claimed that it had any legal significance. He never argued for the three-day rule to apply. He did not claim any hardship, and he sought no relief. I have a question about that fourth option. Did the Board even receive the motion? I thought there was some confusion as to whether it even thought that he had responded and so didn't know any of his arguments. It's a good question, Your Honor. We believe it was received by the ARB. There is a date stamp of February 22nd, I believe, to the ARB's receipt of the motion, but to your point, Your Honor, there is a reference in their order that he had not responded. So that sentence is in the Board's decision, but looking at the record, it appears the Board had received his response. So he had responded. What if we take the Board at its word that it believed he had not responded? Would then a motion for reconsideration be warranted because they didn't have any of the information that was contained in that motion? I don't believe so, Your Honor, because the rule again goes back to the moving party not being aware of that material fact. So Factor 1 still would not warrant reconsideration because, you know, Mr. your point for Factor 4, I still don't believe that is warranted because it's not a material fact. The second reason why Factor 4 doesn't apply, Your Honor, is that even if they had known of the fact of January 22nd, it's immaterial here because the January 22nd receipt date has no bearing on timeliness. The only material and operative fact is the date the order was issued, not when it was served, and so the January 22nd receipt date is not material here, and therefore he cannot establish the fourth factor on materiality. Counsel, what about the simple fact that the Board here reinstated the petition and then dismissed it? Does that affect the case? Well, we think that they should have never granted the reconsideration in the first place because the factors were not met. If Your Honor is asking about the opt-out to the federal court, we do believe the federal court has jurisdiction to determine its jurisdiction under D3, which is the opt-out, as to whether there was, you know, they only have jurisdiction if a final order had not been issued at the time Mr. Hannon opted out, and we believe that a final order had been entered as of January 26th. Now, a fascinating thing about this case is the regulation says there can't be a collateral attack on a final order. What do you do with that? Well, we believe, obviously, jurisdiction is proper with this court as to appeal of the March 22nd, 2019 order that we have before you here today, and we are asking for reversal and reinstatement of the original motion to dismiss because 201-094 is a direct appeal statute. We have a final order. The order of March 22nd was a final consummation of the decision-making for the agency, and it clearly affected rights. Obviously, it revoked the finality that was in place for CP, so CP is just, you know, by the March 22nd order, so we believe you do have a final order under the direct appeal statute avenue before you here today, and to that point, Your Honor, that would lead to my second crucial point, which is the illegal error, the reversible legal error that applied here when the ARB applied the three-day mailing rule under the appellate rule. This is a legally erroneous interpretation of 2060. Rule 2060 only applies when a party must act after being served, but the petition... Does the board have, the board does have discretionary authority in this kind of situation, does it not? It has a level of discretion, I would say, more towards the reconsideration factors, although the points I made, I believe, are still clear legal errors that were made that constitute an abuse of discretion on the ARB's part, but there is no discretion here with respect to the application of the three-day mailing rule because it's an error of law that... Putting aside what you're calling the error of law, independent of that, doesn't the board have authority to say, I can't remember the exact language, but sort of set aside some of the strict applications of the deadlines in certain circumstances? I think what Your Honor may be referring to is that the appeal is non-jurisdictional but can be modified by equitable modifications, so they have discretion on equity to where the department is arguing that equity should apply here, discretion... And isn't it in the regulations? I know it's in the case law to the equity, the equity component to it, but what I would say to that, Your Honor, is that does not still allow the decision to stand because what that gets at is basically an equitable argument relating to equity. Now in that regard, that issue also fails because the court here, when you look at the decision, I would say that the ARB did not apply discretion. They clearly applied the three-day mailing rule to the deadline on the petition. They didn't make a decision based on equity or its validity. It erroneously applied the three-day mailing rule and made the petition due date January 28th, which is clearly wrong, and this court and many other circuits have uniformly held that they rejected the application of the three-day mailing rule to save, you know, an untimely petition. And the ARB brief outlines all of those cases that have that as clear precedent. What do we do with the, I think, undisputed fact that there are two different versions of this order, I think January 11th and January 15th, if in fact, and I think there's a footnote to this effect by the board, that if it were the January 15th date, then this would be timely. What do we do with with that? Yes, let me help you, Your Honor. That January 15th order is immaterial, and here's why. There is no confusion regarding the January 15th order that was apparently found in the ARB's record, and here's why. Mr. Hemon never received January 15th order. He never appealed the January 15th order. He received and appealed the January 11th order. It's even attached on the front page of his response to the motion to date. Hence, there can be no confusion regarding the two orders when the petition was due, because Mr. Hemon was never aware of the January 15th order. And therefore, the fact that a copy exists in the ARB's record is immaterial. Is there anything in the record as to when that copy was mailed out, like some sort of certified mail or anything, so that we would know whether it was mailed until the 15th? Is there anything in the record on that? I don't believe there is, Your Honor, but all the parties only received the January 11th order. And and the footnote that Your Honor referenced... Counsel, what if, what if they, what if the, I'll try to get it right, what if Hemon had never received it? Are you saying he never received the 15th, so it's immaterial? So if he'd never received the 11th, is he out of luck? Well, if he had never received it in the 14 days that the statute provides for petitioning, I believe there's a clear remedy in that situation, Your Honor, and that remedy would be to seek additional time and relief and enlargement of time, because it was impossible. He was unable to make the petition in a timely manner, right? And so... Can't his motion to reconsider be considered that motion that you're just talking about? I don't believe so in this case, Your Honor, for two reasons. He never argued for equity in the first place, and secondly, he had the opportunity to have moved for more time before the time to appeal had expired. He did receive it prior to that time and could have sought an enlargement of time, and I would direct Your Honor to the Sparr case on that, which is directly on point. I'm into my model, but I'm happy to reserve the time. Okay, thank you. Thank you for noticing that. You may reserve it, of course. Thank you. Mr. Colbert. Yes, thank you, Your Honor. My name is Daniel Colbert for the Secretary of Labor. May it please the Court. Like any adjudicatory body, the Administrative Review Board exercises discretion when maintaining its own docket. This case was unusual. It has a confusing and even conflicting record, and there are two copies of the ALJ's decision. In light of all this confusion, the ARB exercises discretion to extend the deadline to file a petition for review by three days, making Mr. Hannon's petition timely. These two copies of the ALJ's decision have conflicting issuance dates, and it raises a real question, and there's conflicting evidence in the record as to which date of issuance is the correct date of issuance, is really the date that it was issued. Now, if it was issued on January 11th, and Mr. Hannon's petition for review was due on January 25th, which is a Friday, and he filed it on the following Monday, but if the correct issuance date was January 15th, as stated in the copy that was actually in the ALJ's records, and on the attached service sheet, which is also dated January 15th and is the only service sheet in the record, that's on page 82 of the appendix, by the way, if January 15th is the correct date of issuance, then Mr. Hannon's petition for review was timely. That would also explain why there was such a significant delay in service, and Mr. Hannon did not receive the decision until January 22nd. In light of these facts, in light of the issue, or what happened with that decision, the ARB recognized that there may have been some error on the part of the ALJ that justified extending the deadline by three days. That's just an exercise of the ARB's discretion, and this court should affirm that exercise. Even if that reason is wrong, we should affirm it. Even if that reason looks pretty bad in law, we should still affirm it, right? Well, it would be incorrect, yes, if the ARB had applied Rule 26C on its terms. I agree with your Honor and with the opposing counsel that 26C does not apply on its terms to this case, but I think that the ARB was actually looking to Rule 26C for a principle. The rules of appellate procedure do not apply to the ARB. The ARB has its own rules, and where there are gaps in those rules, the ARB may look to the federal rules for guidance, for principles that it may borrow. And in this case, the ARB looked to Rule 26C and saw that a significant delay in service justifies not an indefinite extension of the deadline, but a three-day extension. The ARB applied that principle using its equitable powers and its discretion to Now, how transparent, if the board here were pretty transparent, I can think of three or four things they say would about insulate this from, well, I shouldn't say insulate, that's too strong. It would certainly help you a lot more. What's the best thing you can point to in the board decision, let me get it, what's the best things you can point to in the board decision to say that they kind of made this for the right reason, the right way, and with some foundation? Well, I would look at the facts that the ARB actually cited. The ARB doesn't really say, it doesn't go through the the factors of 26C step-by-step. It doesn't say, well, the date runs from the date of service, because it doesn't. Instead, it cites these facts, the existence of the January 15th copy and the late service, and says, you know, in light of all of this, a three-day extension is justified. And this actually brings me to the issue of whether it was correct to even entertain the motion for reconsideration, and I think Canadian Pacific just has a different opinion than the ARB does of which facts were material in this record, because the ARB also very much considered the existence of the January 15th copy to be material, and that clearly was a fact that was not known to the parties. So that's, I think, factor one of the motion for reconsideration standard, which the ARB believed was met here, that there was this material fact that was unknown to Mr. Hennon, the existence of this January 15th copy. And Canadian Pacific clearly does not consider that to be a material fact, but the ARB did. The ARB also considered Mr. Hennon's late receipt to be a material fact. As mentioned, the initial ARB decision does not, actually erroneously states that there was not, that Mr. Hennon did not respond to the motion to dismiss, but even if it had acknowledged his response, his response does mention that he received the decision on the 22nd, and the ARB does not consider that fact in its decision, in its initial decision to dismiss. It likely did not consider that fact to be material at that time, but when taken together with the January 15th decision, that late service raises some real questions about, I think, as you suggested, Your Honor, when was this decision actually mailed? And if you look at the service sheet on page 82 of the record, you see that it's dated January 15th, and it actually contains USPS tracking numbers under the names of the councils. That's the only record of any mailing in this case that I'm aware of. Does the Board have equitable authority to extend this deadline? Yes. The non-jurisdictional deadline, we've cited, I think, several cases that state as such that yes, the Board has equitable jurisdiction to extend this deadline. And in your view, what is the significance of the Board not expressly exercising, at least verbatim in those words, its equitable authority as opposed to relying on the Rule 26C? Is there a reason for that? I think it makes the case a little bit more interesting here, but no, I think that it's not material, because if you look at the decision, it's clear that the Board meant to exercise its equitable jurisdiction, even if it wasn't entirely clear, if it could have been clear and not conceived that it could have been. Is the only material fact, page 4, I think I'm looking at the right document, is the only material fact they find that the ALJ's DNO was not delivered to the complainant until January 22? Is that the only thing they say is a material fact? No, Your Honor. I believe, well, they also cite, well, this is on page 3. Okay. They also cite the existence of the January 15th copy. They say that the record also contains a copy of the ALJ's decision and order indicating inexplicably that it was issued on January 15th, and the Board notes that it contained the certified mail receipts in the record as well. But they don't call that a material fact, right? Not explicitly, but I don't know why they would mention it in the record. My assumption is that the ARB did not want to make a finding about when exactly this decision was issued, but it's clear that it had some questions. And in light of that uncertainty, and in light of the fact that Mr. Hannon may have been prejudiced by that uncertainty, that potential error by the ALJ, the ARB opted to extend the deadline. If Your Honor have no questions on the merits, I would like to talk about the jurisdictional issue briefly. This court does have appellate jurisdiction. The Federal Railroad Safety Act grants this court appellate jurisdiction over final orders of the ARB. This was a dismissal, which is clearly a final order. I understand that the jurisdictional wrinkle is caused by this kick-out provision, and of course it is the district court's obligation to determine its jurisdiction in the first instance. But in doing so, it has no authority to review the ARB's decisions. It would look at the ARB's record and determine whether a final order of the ARB was issued. And that is a fact that is relevant to the district court's jurisdiction. But if the district court would take the ARB's decisions at face value, rather than reviewing it, it's clear that this court is the proper venue for appellate review of a final order of the Administrative Review Board. Thank you. If your Honor's have no further questions, I will simply thank the court and urge you to affirm the ARB's decision. Judge Shepard, anything further? No. Judge Kelly, anything further? Nothing further. Okay, so rebuttal, Ms. Dinesky? Thank you. Very briefly, Judge Kelly, to your point and your question about the service date, there is in the record a service date showing January 11th, that the January 11th order was sent out on January 11th, so I wanted to answer that. Is that the same as what counsel has just said about a service sheet as to the 15th? Maybe I misunderstood his statement. I don't know to what order he's referring to in the record. I know in the record there is a service sheet reflecting a January 11th, that the order January 11th was sent out on January 11th. Well, counsel, is there or is there not a service sheet on the 15th? I know there's one for the 11th, and I don't believe, I don't know for certain. To the best of your knowledge, you can answer that way. To my knowledge, there is one showing the January 11th, but I'm not aware of one on the 15th, but I do know the record shows one. Okay, thank you. And the only other point I wanted to make is on this attempt of the department to post hoc recast the decision as one in equity, and we know this was not decided on equity by just looking at the decision itself. What about footnote 7? What do you think footnote 7 is saying on footnote 7 on page 4? Is that the one with the... That's the one that says the DNO was issued and sent on January 15th as a copy contained in the record indicates. Notice it says issued and sent as the copy contained in the record indicates. Sounds like there is some service on the 15th, but we won't go there. Because complaint filed on the 28th, of course it's timely, there's no big deal. Your Honor, one, I don't believe that they found January 15th date to be material. The only reference of that, I think Your Honor is exactly right. The only material fact was the January 22nd receipt date, which we, our position is that was immaterial. But all they refer to is in a footnote and very hypotheticals. If it was sent out, if it was received, it would have been timely. It's a very conditional hypothetical footnote regarding the January 15th date. And on equity, I just want to complete by completing my remarks by saying there is a standard of equity. The ARB has a four-factor test. It's rarely and sparingly applied. It's detailed in our reply brief. Nowhere are there any findings whatsoever in the order that either Mr. Hennon urged on equity or that the ARB found. And dispositively on this point, it is clear precedent in the Spahr, the Butler, and the Bohannon case that attorney error does not constitute exceptional circumstances for equity to apply. And that's the ARB's own legal precedent. And so there is no equitable finding here. They did not have the discretion. And in fact, their legal precedent says the opposite, that attorney error here does not total the crime. Thank you. I know I'm out of time. Okay. Counsel, thank you for your argument. And case number 19-1739 is submitted. I do want to ask the other judges, have you had inconsistency in your video?